Benjamin Charkow
BALLARD SPAHR LLP
1675 Broadway
19th Floor
New York, NY  10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942
charkowb@ballardspahr.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
|                                                            :
Steven Madden, Ltd.,                                         :   ECF Case
|                                                            :
|                    Plaintiff,                              :   Civil Action No. 21 Civ. 3297 (NRB)
|                                                            :
|            vs.                                             :
|                                                            :   ~~[PROPOSED]~~ **PRELIMINARY**
sitiowebnetcy.com, kysyachts.com,                            :   **INJUNCTION**
fashionzapato.online, quinceblack.co                         :
|                                                            :
|                    Defendants.                             :
|                                                            :
-------------------------------------------------------------X

Plaintiff Steven Madden, Ltd. ("Madden" or "Plaintiff") having moved *ex parte* against Defendants sitiowebnetcy.com, kysyachts.com, fashionzapato.online and quinceblack.co (together "Defendants") for a Temporary Restraining Order, Seizure Order, Order to Disable Certain Websites, Order Permitting Service by Electronic Mail and Website Publication, and Order to Show Cause for a Preliminary Injunction;

The Court, having found that Plaintiff was entitled to the requested *ex parte* Temporary Restraining Order, Seizure Order, Order to Disable Certain Websites, Order Permitting Service by Electronic Mail and Website Publication, and Order to Show Cause for a Preliminary Injunction, and issued the same on April 16, 2021 (the "TRO");

The Court having ordered Defendants in the TRO to respond to Plaintiff's papers by April 26, 2021 at 4 p.m., and to appear on April 29, 2021 at 2 p.m. by telephone in accordance with the instructions posted by the Court, to show cause why an Order should not be entered granting Plaintiff a Preliminary Injunction to continue the restraint and seizure ordered by the Court in the TRO;

Plaintiff having served Defendants with copies of the papers that have been filed in connection with this action, including the Summons, Complaint, Plaintiff's papers in support of its application for the TRO, and the TRO, on April 19, 2021;

Defendants having not submitted any answering papers on April 26, 2021;

Defendants having not appeared at the April 29, 2021 hearing; and

The Court, based on the findings set forth in the TRO and Defendants' failure to answer Plaintiff's papers and failure to appear at the April 29, 2021 hearing, finds that the TRO should be converted into a Preliminary Injunction.

THEREFORE IT IS HEREBY ORDERED that pending a final decision on the merits of the case or until otherwise directed by the Court, Defendants and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are enjoined and restrained from infringing the STEVE MADDEN Mark (as defined in the TRO) or Plaintiff's rights therein, or using or exploiting the STEVE MADDEN Mark, by:

(1)     Using any reproduction, counterfeit, copy, or colorable imitation of the STEVE MADDEN Mark for and in connection with any goods or services not authorized by Madden;

(2)     Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputations or dilute the distinctive quality of the STEVE MADDEN Mark;

(3)     Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or services as Plaintiff's;

(4)     Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the STEVE MADDEN Mark;

(5)     Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

(6)     Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Preliminary Injunction, or any subsequent order or final judgment in this action;

(7)     Using, linking, transferring, selling, exercising control over, or otherwise owning any domain name that is used in connection with any Counterfeit Website (as defined in the TRO); and

(8)     Creating, operating, owning, overseeing, or otherwise exercising control over any Counterfeit Websites embedding, incorporating, including, or otherwise displaying the STEVE MADDEN Mark, or any of Plaintiff's promotional and advertising campaign images.

IT IS FURTHER ORDERED THAT Plaintiff shall provide notice of this Preliminary Injunction to the Internet registries responsible for overseeing the top level domains in which Defendants' domain names appear and that such Internet registries shall keep Defendants' domain names on registry lock, making the domain names non-transferrable by Defendants, and on registry hold, which prevents any websites associated with the domain names from resolving when queried by a browser.

IT IS FURTHER ORDERED THAT Plaintiff shall provide notice of this Preliminary Injunction to the Internet registrars that manage the reservation of Defendants' domain names (i.e., including but not limited to 1API GmbH, Openprovider, registrar.eu, Namecheap, Inc., and NameSilo, LLC) and that such Internet registrars shall immediately place and keep Defendants' domain names on transfer lock, making the domain names non-transferrable by Defendants, and on client hold, which prevents any websites associated with the domain names from resolving when queried by a browser.

IT IS FURTHER ORDERED THAT any third party providing services in connection with any Defendant and/or Defendants' Counterfeit Websites, including without limitation Internet Service Providers ("ISP"), back-end service providers, web designers, sponsored search engine or

ad-word providers, merchant account providers, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers") shall, upon receiving notice of this Preliminary Injunction, deliver to Plaintiff or its representative copies of documents and records relating to Defendants, Defendants' websites and Defendants' business operations, including but not limited to records and data contained in electronic format, such delivery to be made in their native format.

IT IS FURTHER ORDERED THAT this Preliminary Injunction shall remain in effect until the Court issues a final decision on the merits of the case or until otherwise directed by the Court.

IT IS FURTHER ORDERED THAT Plaintiff shall maintain a security in the amount of $5,000, which the Court deems adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder.

IT IS FURTHER ORDERED THAT Plaintiff may complete service of this Preliminary Injunction on Defendants by the following means, which Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4(f)(3): (1) by electronic mail, to the addresses set forth in **Exhibit A-1** of the TRO; and (2) by electronic submission to the addresses set forth in **Exhibit A-2** of the TRO, said submission to include a link to a secure website where Defendants will be able to download PDF copies of this Preliminary Injunction.

SO ORDERED.

Dated:  April 29, 2021
New York, New York

Honorable Naomi Rice Buchwald
United States District Court Judge