UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
Steven Madden, Ltd., : ECF Case
:
               Plaintiff, : Civil Action No. 21 Civ. 3297 (NRB)
:
vs. :
: [PROPOSED] **DEFAULT**
sitiowebnetcy.com, kysyachts.com, : **JUDGMENT AND PERMANENT**
fashionzapato.online, quinceblack.co : **INJUNCTION**
:
               Defendants. :
:
:
---------------------------------------------------------------X

      Plaintiff Steven Madden, Ltd. ("Madden" or "Plaintiff") commenced this action on April 15, 2021, and simultaneously moved *ex parte* for a Temporary Restraining Order, Seizure Order, Order to Disable Certain Websites, Order Permitting Service by Electronic Mail and Website Publication, and Order to Show Cause for a Preliminary Injunction ("TRO"), which the Court granted on April 16, 2021. The Defendants are four unknown individuals or entities that operate the websites sitiowebnetcy.com, kysyachts.com, fashionzapato.online and quinceblack.co (the "Counterfeit Websites"). The Counterfeit Websites are all designed to appear to consumers to be official Madden websites.

      Pursuant to the TRO, Plaintiff arranged for Defendants to be served with the Complaint, TRO, and all supporting and accompanying papers via electronic mail and website publication on April 19, 2021. *See* Declaration of Benjamin Charkow, ECF No. 14.

      The Defendants, having been served with the Complaint, TRO, and related papers, did not appear or oppose Plaintiff's application for a Preliminary Injunction. On April 29, 2021, the Court

granted Plaintiff's application for, and entered a Preliminary Injunction against the Defendants. (ECF No. 20.)

Defendants did not appear following the entry of the Preliminary Injunction. Defendants have not answered the Complaint, and the time for answering the Complaint has expired. On May 14, 2021, the Clerk of the Court entered a Certificate of Default. (ECF No. 26.) On May 24, 2021, Plaintiff moved for an entry of default against Defendants.

Now, the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and exhibits submitted therewith, finds that:

1. Plaintiff properly served Defendants with a copy of the Summons and Complaint on April 19, 2021;

2. Defendants have failed to appear or otherwise defend in this action;

3. To the best of Plaintiff's knowledge, Defendants are not infants, incompetent, or in the military;

4. Plaintiff is the owner of numerous valid and enforceable federally registered trademarks for the mark STEVE MADDEN (collectively, the "STEVE MADDEN Mark"), including the following registrations:

| U.S. Registration Number | Trademark | Registration Date | International Classes |
|---|---|---|---|
| 2,012,115 | STEVE MADDEN | October 29, 1996 | 25 |
| 4,511,533 | STEVE MADDEN | April 8, 2014 | 25 |
| 3,363,402 | STEVE MADDEN | January 1, 2008 | 25 |
| 3,393,250 | STEVE MADDEN | March 4, 2008 | 25 |
| 3,525,837 | STEVE MADDEN | October 28, 2008 | 25 |

| 4,559,346 | STEVE MADDEN | July 1, 2014 | 25 |

5. Plaintiff has shown that (a) it will succeed on the merits, (b) it is suffering irreparable injury in the absence of a permanent injunction, (c) remedies available at law are inadequate to compensate for that injury, (d) the balance of hardships tips in Plaintiff's favor, and (e) the public interest would not be disserved by the issuance of injunctive relief;

6. Plaintiff has pled and Defendants have not disputed that:

   a. Defendants, without any authorization or license from Madden, knowingly and willfully used the STEVE MADDEN Mark to create, design and operate Counterfeit Websites that are deliberately designed to resemble Madden's official e-commerce website www.stevemadden.com (the "Madden Website");

   b. The Counterfeit Websites prominently incorporate the STEVE MADDEN Mark, and copyrighted images and photographs of genuine products found on the Madden Website in order to deceive customers into thinking that the websites are authorized Madden websites; and

   c. The operation of the Counterfeit Websites has caused, is causing, and will continue to cause Plaintiff irreparable injury if permanent injunctive relief is not granted.

Accordingly, **THE COURT HEREBY FINDS** that the Defendants are willfully liable on the claims asserted in the Complaint arising under Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c); Sections 349 and 360-1 of the New York General Business Law; and New York State common law.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's application for a Default Judgment and Permanent Injunction is granted and that this Final Judgment is entered against Defendants.

**IT IS HEREBY ORDERED THAT** Defendants and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby permanently enjoined and restrained from infringing the STEVE MADDEN Mark or Plaintiff's rights therein, or using or exploiting the STEVE MADDEN Mark, by:

(1) Using any reproduction, counterfeit, copy, or colorable imitation of the STEVE MADDEN Mark for and in connection with any goods or services not authorized by Madden;

(2) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputations or dilute the distinctive quality of the STEVE MADDEN Mark;

(3) Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or services as Plaintiff's;

(4) Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the STEVE MADDEN Mark;

(5) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to

    lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

(6)  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Preliminary Injunction, or any subsequent order or final judgment in this action;

(7)  Using, linking, transferring, selling, exercising control over, or otherwise owning any domain name that is used in connection with any Counterfeit Website (as defined in the TRO); and

(8)  Creating, operating, owning, overseeing, or otherwise exercising control over any Counterfeit Websites embedding, incorporating, including, or otherwise displaying the STEVE MADDEN Mark, or any of Plaintiff's promotional and advertising campaign images.

**IT IS FURTHER ORDERED THAT** the domain name registrars for each of Defendants' domain names, sitiowebnetcy.com, kysyachts.com, fashionzapato.online and quinceblack.co shall immediately assist in changing the registrar of record for Defendants' domain names to a registrar of Plaintiff's choosing, and the registrar of Plaintiff's choosing shall transfer the subject domain name to Plaintiff's control. To the extent the registrars do not assist in changing the registrars of record for the domain names under their respective control within one business day of receipt of this Order, the top-level domain (TLD) registries for Defendants' domain names or their administrators, including backend registry operators or administrators, within five days of receipt

of this Order, shall unlock and change, or assist in permanently changing the registrar of record for the Defendants' domain names to a registrar of Plaintiff's choosing, and that registrar shall transfer the domain names to Plaintiff's control.

**IT IS FINALLY ORDERED** that Plaintiff may complete service of this Order on Defendants by the following means, which Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4(f)(3): (1) by electronic mail, to the addresses set forth in **Exhibit A-1** of this Order; and (2) by electronic submission to the addresses set forth in **Exhibit A-2** of this Order, said submission to include a link to a secure website where Defendants will be able to download PDF copies of this Order. Defendants are hereby given further notice that Defendants shall be deemed to have actual notice of the issuance and terms of such Permanent Injunction and any act by any Defendant in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Ballard Spahr LLP, 1675 Broadway, 19th Floor, New York, NY 10019.

The Court shall retain jurisdiction over the parties and subject matter of this litigation for the purpose of interpretation and enforcement of this Order.

**SO ORDERED.**

Dated: September 29, 2021
      New York, New York

                                    Honorable Naomi Rice Buchwald
                                    United States District Court Judge

# EXHIBIT A-1

# DEFENDANTS' EMAIL ADDRESSES

| |
|---|
| pw-48500087812159296559b27d5d05d2fa@privacyguardian.org |
| dongchun917749@yeah.net |

# EXHIBIT A-2

## DEFENDANTS' ELECTRONIC CONTACT INFORMATION

| |
|---|
| https://www.1api.net/send-message/sitiowebnetcy.com/registrant |
| https://contact-form.registrar.eu/?domainName=kysyachts.com&purpose=owner |